UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SARA (BOMENGEN) FORTIER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>HIGHMARK LIFE INSURANCE )<br>COMPANY, )<br>)<br>Defendant ) | **NOTICE OF REMOVAL** |

To:   The Judges of the United States District Court for the District of New Hampshire

Pursuant to 28 U.S.C. §§ 1441(a) <u>et</u> <u>seq</u>., the Defendant in this action hereby requests removal of a civil action commenced in the Superior Court of New Hampshire, Hillsborough County, styled *Sara (Bomengen) Fortier  v. Highmark Life Insurance Company*, Docket No. 04-E-526.  In support of removal, Defendant respectfully states:

1.   Plaintiff commenced this action by filing in Superior Court a Petition for Declaratory Judgment.   Plaintiff alleges the defendant is not entitled to reimbursement for overpayments made to the Plaintiff prior to her Social Security Award in June 2004 and seeks a declaratory judgment with respect thereto. *See* Petition at ¶ 5. A copy of all process, pleadings and other orders served upon Defendant is attached hereto as Exhibit A.

2.   The Defendant received the Petition no sooner than January 4, 2005.

3.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1332(a), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.   This is a civil action arising under the laws of the United States.  The insurance policy described in Plaintiff's Petition, pursuant to which she disputes the amount of benefits

properly payable, is a disability insurance policy, policy # 911558-0010, established by Plaintiff's employer, Southern New Hampshire Medical Center, for the benefit of its employees. As such, it is an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. A proper action concerning benefits due under the plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B). Since Plaintiff's claims are within the scope of ERISA section 502(a), those claims are "completely preempted" and may be removed to this court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 – 67 (1987). Moreover, Plaintiff's claims "relate to" her employer's ERISA plan and are therefore converted to federal claims for the purposes of removal jurisdiction. *Id*. at 60.

5. Defendant desires to remove this action to this Court.

6. Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by any Defendant, through service or otherwise, of the initial pleading setting forth the claims for relief.

7. Pursuant to 28 U.S.C. § 1446(D), Defendant is this day filing a copy of the Notice of Removal with the Superior Court, Hillsborough County, and sending copies of the Notice to all counsel.

8. Pursuant to the United States District Court for the District of New Hampshire Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Superior Court, Hillsborough County, to this Court.

Dated:  February 2, 2005

   /s/ Byrne J. Decker
Byrne J. Decker
N.H. Bar No. 9300

Pierce Atwood LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

Attorneys for Defendant
Highmark Life Insurance Company

## CERTIFICATE OF SERVICE

      I hereby certify that on February 2, 2005, I electronically filed the Defendants' Civil Cover Sheet, Notice of Removal, Notice of Filing Notice of Removal, Notice of Appearance and Corporate Disclosure Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

      Peter E. Hutchins, Esquire
      Wiggin & Nourie, PA
      P.O. Box 808
      Manchester, NH  03105

Dated:  February 2, 2005                                  /s/ Byrne J. Decker
                                                                     Byrne J. Decker, Esquire
                                                                     Bar No. 9300