**EXHIBIT A**



# THE STATE OF NEW HAMPSHIRE
## INSURANCE DEPARTMENT

21 SOUTH FRUIT STREET SUITE 14
CONCORD, NEW HAMPSHIRE 03301

Roger A. Sevigny
Commissioner

Alexander K. Feldvebel
Deputy Commissioner

JANUARY 5, 2005

CERTIFIED MAIL
7004 1160 0005 7664 9958

PAUL A. ROBB
SECRETARY
HIGHMARK LIFE INSURANCE COMPANY
PO BOX 535061
PITTSBURGH PA 15222-3099

Dear Sir or Madam:

You are hereby notified of the service upon me as attorney for your Company of an **ORDER OF NOTICE: PETITION FOR DECLARATORY JUDGMENT.**

**SARA (BOMENGEN) FORTIER VS. HIGHMARK LIFE INSURANCE COMPANY,** principal defendant.

This process is brought in the **SUPERIOR COURT AT SOUTHERN DISTRICT OF HILLSBOROUGH COUNTY AT NASHUA, NEW HAMPSHIRE. WRITTEN APPEARANCE TO BE FILED ON OR BEFORE MARCH 1, 2005. YOU MUST ALSO FILE A PLEA, ANSWER OR DEMURRER BY MARCH 31, 2005.** A copy of this process is attached.

Very truly yours,

Roger A. Sevigny
Insurance Commissioner

Enclosure

# THE STATE OF NEW HAMPSHIRE
## Southern District of Hillsborough County
30 Spring Street
P. O. Box 2072
Nashua, NH 03061 2072
603 883-6461

## ORDER OF NOTICE

Sara (Bomengen) Fortier v. Highmark Life Insurance Company

NO. 04-E-0526                                              RETURN DAY: 03/01/2005

You have been sued and named as a party in a case filed with the Southern District of Hillsborough County. Attached is a copy of the pleading which began this case.

Sara (Bomengen) Fortier shall notify each Defendant of the above action by serving the defendant(s) by February 14, 2005 with a copy of the pleading initiating the case, orders that the Court has already issued, and this Order in a manner allowed by law. Plaintiff shall file with the Clerk verification of the service process by March 01, 2005.

**IMPORTANT NOTICE TO Highmark Life Insurance Company:**
You must file a written appearance form with the Clerk on or before March 01, 2005. You must also file by March 31, 2005 a plea, answer or demurrer. Send a copy of the appearance form and any other documents filed with the court to the attorney for the party filing the pleading or to the party if there is no attorney. The name and address of the attorney or the party filing the pleading is contained in the pleading. If you do not comply with these requirements you will be considered in default, you will not have an opportunity to dispute the claim(s) and the court may issue orders in this matter which may affect you without your input.

                                        BY ORDER OF THE SUPERIOR COURT

12/27/2004                              *Marshall A. Buttrick*
                                        Marshall A. Buttrick
                                        Clerk of Court


RECEIVED
JAN 04 2005
N.H. INSURANCE DEPARTMENT

AOC Form SUEP140 (Rev. 09/20/2001)

THE STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS.                                                   SUPERIOR COURT
SOUTHERN DISTIRCT

Sara (Bomengen) Fortier
9 Blackstone Court
Merrimack, NH  03054

v.

Highmark Life Insurance Company
PO Box 535061
Pittsburgh, PA  15222

04-E- 526

## PETITION FOR DECLARATORY JUDGMENT

NOW COMES the Petitioner, Sara Fortier, and pursuant to RSA 491:22 complains against defendant Highmark Life Insurance Company, and states as follows:

1.  The Petitioner became totally disabled on December 17, 2002.

2.  Following this disability, the defendant paid Petitioner certain monthly benefits pursuant to a disability insurance policy issued by defendant to Petitioner, Police # 911558-0010..

3.  In June of 2004, the Social Security Administration awarded the Petitioner disability benefits. She received a check from SSA for $11,787.00 in July, representing retroactive benefits from July 2003 through June 2004. Since that time, she has been receiving disability benefits in the amount of $915.00 per month.

4. Pursuant to its policy, the defendant reduced its monthly payments to the Petitioner accordingly, to $402.90 per month.

5. A dispute has now arisen between the parties as to whether the defendant is entitled to reimbursement for claimed "overpayments" made to the Petitioner prior to the Social Security award in June of 2004.

6. The defendant claims that the Petitioner is contractually bound to pay defendant this full amount of the July Social Security check, and in fact, appear to be demanded an amount even more that the check itself.

7. The Petitioner disputes this claim under New Hampshire law.

8. It is the position of the Petitioner that the defendant, at most, holds a "right of subrogation" against the money received by Petitioner from the Social Security Administration in July, and as such, any right of subrogation is subject to the equitable principles adopted by the New Hampshire Supreme Court in Dimick v. Lewis, 127 NH 141 (1985) and Lutkus v. Lutkus, 141 NH 552 (1997), namely, that the defendant is entitled to full reimbursement only if the Petition has been made whole by the Social Security award.

9. The Petition was not made whole following her disability. In fact, her benefits represent only approximately 60% of the income she was actually earning at the time of her disability.

10. Accordingly, at most, the defendant is entitled to 60% of the amount of its claimed contractual right of subrogation.

11. In addition, it is the position of the Petitioner that certain material language in the subject policy upon which the defendant apparently relies, including but not limited to the term "overpayment," is ambiguous, and as such, under New Hampshire law, any ambiguity must be construed against the defendant and in favor of the Petitioner.

12. Accordingly, since the term "overpayment" is undefined and ambiguous, and since it is this term upon which the defendant relies, it is the position of the Petitioner that the defendant is entitled to no reimbursement of any type from the subject Social Security Administration check.

13. In addition, based upon the language in the policy and/or representations made to her by representatives of the defendant, the Petitioner acquired a reasonable expectation that, at the very least, she would be "made whole" through insurance payments and Social Security, and not that she would be asked to forfeit the entire Social Security award received in July, 2004.

14. Since the Petitioner is the insured under the subject disability policy, she claims an award of attorneys fees and costs pursuant to RSA 491:22-b.

WHEREFORE, the Petitioner respectfully requests the following declaratory relief:

   A. That this Court rule that the defendant is entitled to no reimbursement or other payment from the Social Security check issued to the Petitioner in July of 2004;

B.  That the defendant remain obligated in the future to continue full monthly payments of $402.90;

C.  That, alternatively, this Court rule that the defendant is entitled to no more than 60% of the subject Social Security check, and that its obligation for monthly payments of $402.90 continue unabated into the future; and

D.  For other such relief as may be just.

December 22, 2004

Respectfully Submitted,
Sara (Bomengen) Fortier
By her Attorneys

BY: Peter E. Hutchins, Esq.
Wiggin & Nourie, PA
PO Box 808
Manchester, NH 03105-0808
(603) 669-2211
Fax: (603) 623-8442

## Certification

I certify that a copy of the foregoing Petition for Declaratory Judgment was this day forwarded to Louise Waterhouse, Managed Disability Analyst, Disability Reinsurance Management Services, Inc., One Riverfront Plaza, Westbrook, ME 04092-9700, who is the individual handling this claim (claim # 2003-167-85177) on behalf of the defendant, and from whom the Petitioner received a formal letter of denial on December 10, 2004.

Peter E. Hutchins, Esq.

4

## Verification

I, Sara (Bomengen) Fortier, do hereby swear that the statements contained in the above Petition for Declaratory Judgment are true to the best of my knowledge and belief.

Date: 12-22-04

Sara (Bomengen) Fortier

COUNTY OF HILLSBOROUGH
STATE OF NEW HAMPSHIRE

The above named Sara (Bomengen) Fortier, known to me, appeared before me this 22nd day of December, 2004, and made oath that the statements and claims made in this Petition for Declaratory Judgment are true to the best of her knowledge and belief.

Notary Public / Justice of the Peace

December 22, 2004

5

# Merrimack County Sheriff's Office
163 North Main St.
Concord, NH 03301
Phone: 603-225-5583

HIGHMARK LIFE INSURANCE COMPANY
21 SOUTH FRUIT ST
CONCORD, NH 03301

MERRIMACK, SS                                    DATE: January 4, 2005

I, DEPUTY PAUL K MONTRAY, this day at 03:30pm, summoned the within named defendant HIGHMARK LIFE INSURANCE COMPANY, by leaving at the office of Roger Sevigny, Insurance Commissioner for the State of New Hampshire its true and lawful attorney for the service of process under and by virtue of Chapter 405-10 NH RSA as amended, two true and attested copies of this PETITION/ ORDER and I paid said Commissioner for the State twenty-five ($25.00) dollars as their fee for accepting service.

FEES:
Service:            15.00
Misc:
    Postage          1.00
    Travel           2.50

Total:              18.50

_____, Deputy Sheriff
DEPUTY PAUL K MONTRAY

A TRUE COPY ATTEST